## CHASTAIN *v.* STATE OF INDIANA.

[No. 28,956. Filed December 17, 1953. Rehearing denied January 27, 1954.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Carl M. Franceschini,* Deputy Attorney General, for appellee.

FLANAGAN, J.—Appellant was convicted of assault and battery with intent to commit a felony, under §10-401, Burns' 1942 Replacement.

The affidavit charging the offense is attacked on this appeal. Appellant finds no fault with that part of the affidavit which charges assault and battery, but says that the part alleging an attempt to commit a felony is not clear. It charges that the assault and battery was made with intent to kill.

The question here is whether the affidavit should have been specific as to which of the "killing" statutes was referred to in the charge of attempting to commit a felony.

Appellant is quite right in his contention that he was entitled to know the charge with which he was confronted. The presentation here is whether the charge was made clear to him.

The purpose of a pleading, whether it be an indictment, affidavit, complaint, answer, or reply, is to inform the opposite party as to what he may expect to meet in court.

In the instant case, appellant was charged in the involved pleading, an affidavit, with assault and battery, with intent to "unlawfully, feloniously and purposely kill."

The charge is clear. There is nothing misleading about it. Appellant must have known from the affidavit that he was being charged with assault and battery,

with intent to unlawfully take the life of another human being.

Judgment affirmed.

Chief Justice Draper and Justices Bobbitt, Emmert, and Gilkison, concur.

NOTE.—Reported in 116 N. E. 2d 107.